MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150
mak@kramerlawip.com

J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151
michael@kalerlaw.com

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff<br>v.<br><br>SUNBEAM PRODUCTS, INC., a Delaware Corporation; and DOES 1 – 100,<br><br>Defendants. | Case No. 08cv306 BTM CAB<br><br>**FIRST AMENDED[1] COMPLAINT FOR PATENT INFRINGEMENT**<br><br>REQUEST FOR JURY TRIAL |

---

[1] Amended to add two new accused products in paragraph 11.

Plaintiff JENS E. SORENSEN, as TRUSTEE OF THE SORENSEN RESEARCH AND DEVELOPMENT TRUST ("SRDT"), for its Complaint for Patent Infringement against Defendants alleges as follows:

## THE PARTIES

1. SRDT is a California resident, and the trustee of a trust organized according to California law, and owner of all rights to United States Patent No. 4,935,184 (hereinafter "'184 patent"). A true and correct copy of the '184 patent is attached hereto as Exhibit A.

2. Defendant SUNBEAM PRODUCTS, INC. ("SUNBEAM") is a corporation organized under the laws of Delaware, having a principal office located at 2381 Executive Center Dr., Boca Raton, Florida 33431.

3. Defendants DOES 1 – 100 are other persons or entities, presently unidentified, that have also been engaged, directly or indirectly, in the manufacture, import, sale, and/or offer for sale in the United States of the products accused of infringement herein.

4. On information and belief, Defendants have acted as agents of one or more of each other during some or all of the times relative to the subject matter of this Complaint.

## JURISDICTION and VENUE

5. This action arises under the Patent Laws of the United States of America, Title 35, United States Code. Jurisdiction is founded on Title 28, United States Code §§ 1331, 1332(a), and 1338(a).

6. On information and belief, venue in this district is proper under 28 U.S.C. §§ 1391 and 1400(b) because Defendants have committed acts of infringement in this District.

7. This Court has personal jurisdiction over Defendants because they have

1  manufactured within, imported into, offered for sale, and/or sold infringing products
2  in this District.

## CLAIM FOR RELIEF

### (Patent Infringement)

8. SRDT realleges and incorporates herein by reference paragraphs 1 through 7, inclusive, as though fully set forth herein.

9. The '184 patent entitled "Stabilized Injection Molding When Using a Common Mold Part With Separate Complimentary Mold Parts," was issued on June 19, 1990.

10. On information and belief, Defendants have, within the past six years, made, imported into, sold or offered for sale within the United States and this District, products for which the two plastic component external plastic shells are manufactured through processes which incorporate all elements of the '184 patented process (hereinafter "Accused Products").

11. Accused Products include the product(s) specifically identified below, and any other of Defendants' products sold under any name which were manufactured utilizing similar processes, including but not limited to, any other product manufactured using the same injection mold as any of the products identified in the following table:

Sunbeam Professional Iron, Model No. 4243
Sunbeam 4214 Steam Master Iron, Model No. 4214
Sunbeam Professional Iron, Model No. 4239

12. Defendants have not obtained a license or any other valid authorization for import, sale, or offer for sale in the United States of products manufactured through use of the '184 patented process.

13. Defendants have been on constructive notice of the '184 patent since its

3.

Case No. 08cv306 BTM CAB

issuance on June 19, 1990.

14. Defendants have been on actual express notice of the '184 patented process since July 27, 2005.

15. Upon information and belief, the Defendants have engaged in design, manufacture, import, sell, and/or offer for sale within the United States, including this District, products that have dual-layer external plastic housings.

16. On information and belief, the Accused products identified herein and as-yet-unidentified products manufactured through the same or substantially similar process have been manufactured through processes which incorporate all elements of the '184 patented process.

17. None of the Defendants have obtained a license or any other authorization from the Plaintiff for manufacture, import, sale, and/or offer for sale in the United States of products manufactured through use of the '184 patented process.

18. Plaintiff's initial infringement notice to Defendants on July 27, 2005, provided Defendants with a drawing and associated claim chart showing the substantial likelihood pursuant to 35 U.S.C. § 295, of the infringement of the '184 patented process by the import, sale and/or offer for sale in this District and the United States of the identified Accused Products and all other Defendants' products manufactured with processes which incorporate the elements of the '184 patent.

19. The evidence provided to Defendants in the initial letter and subsequent correspondence, illustrate how the processes utilized to produce the Accused Products incorporated each element of the '184 patent claims.

20. The initial letter requested Defendants pursuant to 35 U.S.C. § 295 to provide factual information necessary to verify the manufacturing process used to make the Accused Products.

21. To date, Defendants have not produced admissible evidence demonstrating the actual process used to manufacture the Accused Products.

22. SRDT made reasonable efforts to obtain process information for the

4.

Case No. 08cv306 BTM CAB

Accused Products, providing Defendants with an opportunity to prove that it was not using the '184 process.

23. On information and belief, Defendant made, used, imported, sold and/or offered for sale within the United States and this District, during the past six years and before February 5, 2008, the Accused Products using the '184 patent process, without authority to do so, in violation of 35 U.S.C. § 271, knowing such to be an infringement of the '184 patent, and in wanton and willful disregard of Plaintiff's '184 patent rights.

24. On information and belief, Defendants contributed to infringement of the '184 patent and actively induced others to infringe the '184 patent by virtue of making, importing, selling, using and/or offering for sale within the United States and this District, in violation of 35 U.S.C. § 271, Accused Products manufactured using the '184 patent process in wanton and willful disregard of Plaintiff's '184 patent rights.

25. On information and belief, the conduct of Defendants in willfully infringing the '184 patent, and contributing to infringement and inducing others to infringe the '184 patent, by the acts alleged hereinabove despite being on both constructive notice and actual notice, was deliberate, thus making this an exceptional case within the meaning of 35 U.S.C. § 285.

26. On information and belief, Plaintiff has suffered damages by reason of Defendants' infringing conduct alleged hereinabove. The damages for Defendants' conduct are in an amount that constitutes at least a reasonable royalty for all of Defendants' sales of the Accused Products from six years prior to filing of this Complaint and continuing until February 5, 2008.

27. On information and belief, the reasonable royalty owed to Plaintiff from Defendants is at least eight percent (8%) of gross revenues from sales of the Accused Products from six years prior to filing of this Complaint and continuing until February 5, 2008, and according to proof at trial.

28. On information and belief, the reasonable royalty owed to SRDT from Defendants should be trebled on account of willful infringement by Defendants, and according to proof at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** SRDT prays that judgment be entered as follows:

a. For a determination that the Accused Processes are presumed to infringe the '184 patent pursuant to 35 U.S.C. § 295;

b. Defendants are adjudicated and decreed to have infringed the '184 patent;

c. Defendants are adjudicated and decreed to have contributed to the infringement of the '184 patent and to have induced others to infringe the '184 patent;

d. Defendants are ordered to account for damages adequate to compensate Plaintiff for the infringement of '184 patent, their contributory infringement of the '184 patent, and their inducement of infringement of the '184 patent, in the amount of at least eight percent (8%) of gross sales during the infringing time period as a reasonable royalty for all relevant sales of Accused Products and according to proof at trial, and such damages are awarded to Plaintiff;

e. Such damages as are awarded are trebled by the Court pursuant to 35 U.S.C. § 284 by reason of the willful, wanton, and deliberate nature of the infringement;

f. That this case is decreed an "exceptional case" and Plaintiff is awarded reasonable attorneys' fees by the Court pursuant to 35 U.S.C. § 285;

g. For interest thereon at the legal rate;

h. For costs of suit herein incurred;

i. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

SRDT respectfully requests that its claims be tried to a jury.

DATED this Monday, March 3, 2008.

                JENS ERIK SORENSEN, as Trustee of
                SORENSEN RESEARCH AND DEVELOPMENT
                TRUST, Plaintiff

                /s/ Melody A. Kramer
                ―――――――――――――――――
                Melody A. Kramer, Esq.
                J. Michael Kaler, Esq.
                Attorney for Plaintiff