1  GEORGE L. FOUNTAIN (No. 182716)
   georgefountain@orionlawgroup.net
2  SANG N. DANG (No. 214558)
   sangdang@orionlawgroup.net
3  VY H. VU (No. 247068)
   vyvu@orionlawgroup.net
4  ORION LAW GROUP,
   A PROFESSIONAL LAW CORPORATION
5  3 Hutton Centre Drive
   Suite 850
6  Santa Ana, CA  92707
   Telephone:  714-768-6800
7  Facsimile:  714-768-6850

8

9  Attorneys for Defendants
   SUNBEAM PRODUCTS, INC.

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12  JENS ERIK SORENSEN, as Trustee of         CASE NO. C 08-00306 BTM CAB
    SORENSEN RESEARCH AND
13  DEVELOPMENT TRUST,                        ANSWER AND COUNTERCLAIM OF
                                              DEFENDANT SUNBEAM PRODUCTS,
14                Plaintiff,                   INC.

15       vs.                                  (DEMAND FOR JURY TRIAL)

16  SUNBEAM PRODUCTS, INC.,
    a Delaware corporation,
17

18                Defendants.

19              Defendant Sunbeam Products, Inc., d/b/a Jarden Consumer Solutions ("Sunbeam")

20  submits this Answer and Counterclaim in response to the First Amended Complaint for Patent

21  Infringement ("Complaint") of Plaintiff Jens E. Sorensen, as Trustee of the Sorensen Research

22  and Development Trust ("SRDT"), filed on March 4, 2008.

23                            **ANSWER**

24       For its Answer, Sunbeam states as follows:

25       1.      Sunbeam admits that the Complaint purports to set forth a claim for patent

26  infringement.

27       2.      With the exception that a copy of United States Patent No. 4,965,184 (the

28  "'184 Patent") was attached to the complaint, Sunbeam is without knowledge or information

1    sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore

2    denies them.

3    　　　　3.　　Sunbeam admits the allegations in paragraph 2.

4    　　　　4.　　Sunbeam is without sufficient knowledge or belief as to the truth of the

5    allegations in paragraph 3 and therefore denies them.

6    　　　　5.　　Sunbeam denies the allegations in paragraph 4.

7    　　　　6.　　Sunbeam admits that the subject matter jurisdiction is proper for purposes

8    of this action under 35 U.S.C. §§ 1331, 1332(a), and 1338(a). Sunbeam denies all other

9    allegations in paragraph 5.

10    　　　　7.　　Sunbeam admits that venue is proper in this judicial district for purposes of

11    this action.  Sunbeam denies all other allegations in paragraph 6.

12    　　　　8.　　Sunbeam admits that the personal jurisdiction is proper for purposes of this

13    action. Sunbeam denies all other allegations in paragraph 7.

14    　　　　　　　　**SRDT'S CLAIM FOR RELIEF**

15    　　　　9.　　Sunbeam denies each and every allegation in paragraph 8 except as may

16    have been expressly admitted or otherwise explained.

17    　　　　10.　　Sunbeam admits the allegations in paragraph 9.

18    　　　　11.　　To the extent that the allegations are against Sunbeam, Sunbeam denies

19    each and every allegation in paragraph 10.  To the extent that the allegations are against the other

20    defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore

21    denies them.

22    　　　　12.　　Sunbeam admits that it sells the products identified in paragraph 11.  To

23    the extent that the other allegations in paragraph 11 are against Sunbeam, Sunbeam denies each

24    and every one of those allegation.  To the extent that those allegations are against the other

25    defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore

26    denies them.

27    　　　　13.　　To the extent that the allegations are against Sunbeam, Sunbeam denies

28    each and every allegation in paragraph 12.  To the extent that the allegations are against the other

defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

14.    To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 13.  To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

15.    To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 14.  To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

16.    To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 15.  To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

17.    To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 16.  To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

18.    To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 17.  To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

19.    To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 18.  To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

20.    To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 19.  To the extent that the allegations are against the other

1   defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore

2   denies them.

3          21.    To the extent that the allegations are against Sunbeam, Sunbeam denies

4   each and every allegation in paragraph 20.  To the extent that the allegations are against the other

5   defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore

6   denies them.

7          22.    To the extent that the allegations are against Sunbeam, Sunbeam denies

8   each and every allegation in paragraph 21.  To the extent that the allegations are against the other

9   defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore

10   denies them.

11          23.    To the extent that the allegations are against Sunbeam, Sunbeam denies

12   each and every allegation in paragraph 22.  To the extent that the allegations are against the other

13   defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore

14   denies them.

15          24.    To the extent that the allegations are against Sunbeam, Sunbeam denies

16   each and every allegation in paragraph 23.  To the extent that the allegations are against the other

17   defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore

18   denies them.

19          25.    To the extent that the allegations are against Sunbeam, Sunbeam denies

20   each and every allegation in paragraph 24.  To the extent that the allegations are against the other

21   defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore

22   denies them.

23          26.    To the extent that the allegations are against Sunbeam, Sunbeam denies

24   each and every allegation in paragraph 25.  To the extent that the allegations are against the other

25   defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore

26   denies them.

27          27.    To the extent that the allegations are against Sunbeam, Sunbeam denies

28   each and every allegation in paragraph 26.  To the extent that the allegations are against the other

1  defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore

2  denies them.

3      28.    To the extent that the allegations are against Sunbeam, Sunbeam denies

4  each and every allegation in paragraph 27.  To the extent that the allegations are against the other

5  defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore

6  denies them.

7      29.    To the extent that the allegations are against Sunbeam, Sunbeam denies

8  each and every allegation in paragraph 28.  To the extent that the allegations are against the other

9  defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore

10  denies them.

11 **AFFIRMATIVE DEFENSES**

12 **FIRST AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM**

13     30.    The Complaint, and each cause of action contained therein, fails to state a

14  claim upon which relief can be granted.

15 **SECOND AFFIRMATIVE DEFENSE: INVALIDITY OF THE PATENTS**

16     31.    The '184 Patent, and each claim thereof, is invalid because it fails to

17  comply with the provisions of the patent laws, 35 U.S.C. § 100 *et seq.*

18     32.    The '184 Patent is invalid because it fails to comply with the provisions of

19  35 U.S.C. § 102.

20     33.    The '184 Patent is invalid because it fails to comply with the provisions of

21  35 U.S.C. § 103.

22     34.    The '184 Patent is invalid because it fails to comply with the provisions of

23  35 U.S.C. § 112.

24 **THIRD AFFIRMATIVE DEFENSE: NON-INFRINGEMENT**

25     35.    Sunbeam does not infringe and has not infringed (either directly,

26  contributorily, or by inducement) the '184 Patent, or any of the claims thereof, and Sunbeam is

27  not liable for any such alleged infringement thereof.

28 **FOURTH AFFIRMATIVE DEFENSE: PROSECUTION HISTORY ESTOPPEL**

ORION LAW
GROUP, PLC.

36.     To the extent that SRDT alleges infringement under the doctrine of equivalents, SRDT's alleged cause of action is barred under the doctrine of prosecution history estoppel, and SRDT is estopped from claiming that the '184 Patent covers or includes any accused Sunbeam product or service.

### FIFTH AFFIRMATIVE DEFENSE: LACHES

37.     Sunbeam is informed and believes that SRDT is barred from obtaining any relief sought in the Complaint because of the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE: EQUITABLE ESTOPPEL

38.     Sunbeam is informed and believes that SRDT is barred from obtaining any relief sought in the Complaint because of the doctrine of equitable estoppel.

### SEVENTH AFFIRMATIVE DEFENSE: INEQUITABLE CONDUCT

39.     Sunbeam is informed and believes that SRDT is barred from obtaining any relief sought in the Complaint for any alleged infringement of the '184 Patent because the named inventor and/or the patent attorney may have intentionally failed to disclose material prior art from the Patent Office examiner during the prosecution of the '184 Patent.

### TENTH AFFIRMATIVE DEFENSE: DEDICATION TO PUBLIC

40.     Sunbeam is informed and believes that SRDT has dedicated to the public all methods and apparatus disclosed in the '184 Patent but not literally claimed therein, and is estopped from claiming infringement by any such public domain methods or apparatus.

### ELEVENTH AFFIRMATIVE DEFENSE: IMPLIED LICENSE

41.     Sunbeam purchases its products from manufacturers and such manufacturers purchase components for inclusion in its products from one or more component suppliers.  Sunbeam is informed and believes that these component suppliers and/or manufacturers may have broad licenses with SRDT.

42.     Accordingly, Sunbeam has one or more implied license and SRDT's claims for relief are barred in whole or in part.

### TWELFTH AFFIRMATIVE DEFENSE: PATENT EXHAUSTION

43.      Sunbeam purchases its products from manufacturers and such manufacturers purchase components for inclusion in its products from one or more component suppliers.  Sunbeam is informed and believes that these manufacturers and/or component suppliers may have broad licenses with SRDT, which exhausts SRDT's patent rights in the Patents.

44.      Accordingly, SRDT's claims for relief are barred in whole or in part.

## COUNTERCLAIM

By this Counterclaim, Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions ("Sunbeam") seeks a declaration that it has not infringed U.S. Patent No. 4,935,184 (the "Patent-at-issue", or the "'184 Patent") and that the '184 Patent is invalid.

## THE PARTIES

1.      Counterclaimant Sunbeam is a Delaware corporation with its principal place of business at 2381 Executive Center Dr., Boca Raton, Florida 33431.

2.      On information and belief, counterdefendant Sorensen Research and Development Trust ("SRDT") is a California resident, and is a trust organized according to California law, and owner of all rights to the '184 Patent.

## JURISDICTION

3.      This Counterclaim arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* and the declaratory judgment provisions, 28 U.S.C. §§ 2201 and 2202.

4.      This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patents).

## THE PATENT

5.      The United States Patent and Trademark Office (the "USPTO") issued the '184 Patent on June 19, 1990.  SRDT claims that it owns the '184 Patent.

## EXISTENCE OF AN ACTUAL CONTROVERSY

6.      On February 8, 2008, SRDT filed a Complaint for Patent Infringement ("Complaint") against Sunbeam alleging infringement of the Patents-at-issue.

7.      Sunbeam disputes the validity of the '184 Patent and denies that it has infringed them, aided or abetted, or induced or contributed to the infringement of the '184 Patent.

8.      There is substantial and actual controversy between SRDT and Sunbeam over whether Sunbeam infringes the '184 Patent and whether the '184 Patent is valid.

9.      These false allegations of infringement relating to the invalid '184 Patent have placed a cloud over Sunbeam's business.

10.     There exists a clear and serious threat to Sunbeam's business so long as these issues regarding the Patents-at-issue remain unresolved.  Sunbeam therefore needs and seeks resolution of the issues asserted in this Counterclaim to lift this cloud over Sunbeam's business.  Sunbeam is entitled to declaratory relief.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '184 Patent)

11.     Sunbeam incorporates the allegations of paragraphs 1-10 as if fully set forth in this paragraph.

12.     This Counterclaim is an action for declaratory judgment of non-infringement of any valid claim of the '184 Patent.

13.     Sunbeam makes, uses, purchases, offers for sale and/or sells products alleged by SRDT to infringe the '184 Patent.

14.     Sunbeam has not infringed and is not presently infringing any valid claim of the '184 Patent.

15.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Sunbeam and SRDT as to whether Sunbeam infringes any valid claim of the '184 Patent.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '184 Patent)

16.     Sunbeam incorporates the allegations of paragraphs 1-15 as if fully set forth in this paragraph.

17.     This Counterclaim is an action for declaratory judgment of the invalidity of any and all claims of the '184 Patent.

18.     The '184 Patent, and each claim thereof, is invalid because it fails to comply with the provisions of the patent laws, 35 U.S.C. § 100 *et seq.*

19.     The '184 Patent is invalid because it fails to comply with the provisions of 35 U.S.C. § 102.

20.     The '184 Patent is invalid because it fails to comply with the provisions of 35 U.S.C. § 103.

21.     The '184 Patent is invalid because it fails to comply with the provisions of 35 U.S.C. § 112.

22.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Sunbeam and SRDT as to whether there exists any valid claim of the '184 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Sunbeam prays for relief as follows:

A.     A judgment against, and dismissing with prejudice, SRDT's Complaint and all claims asserted therein against Sunbeam;

B.     A judgment declaring that Sunbeam does not infringe either directly, contributorily, or by inducement, literally or under the doctrine of equivalents any valid claim of the '184 Patent;

C.     A judgment declaring that any and all claims of the '184 Patent are invalid and unenforceable;

D.     An award to Sunbeam of its costs, together with reasonable attorney's fees;

E.     A preliminary and permanent injunction enjoining SRDT, and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it, who receive actual notice of the Court's judgment, from initiating infringement litigation and from threatening Sunbeam or any of its customers, dealers, agents, servants, or employees, or any prospective or present sellers, dealers or users of Sunbeam's allegedly infringing products,

ORION LAW
GROUP, PLC.

1  with infringement litigation, or charging any of them, either verbally, or in writing, with

2  infringement with respect to the '184 Patent because of the importation, manufacture, use, sale or

3  offering for sale of products made by or for Sunbeam; and

4          E.    Such other and further relief as the Court deems just and equitable.

5

6  DATED:  __March 24 , 2008          ORION LAW GROUP

7

8                                      By   /s/ George L. Fountain
                                           George L. Fountain
9                                          Sang N. Dang
                                           Vy H. Vu
10
                                           Attorneys for Defendants
11                                         SUNBEAM PRODUCTS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORION LAW
GROUP, PLC.

ANSWER AND COUNTERCLAIM OF DEFENDANT SUNBEAM    Case No. C 08-00306 BTM CAB

1

## DEMAND FOR JURY TRIAL

2

Defendant Sunbeam hereby demands a jury trial.

3

4

DATED:   March  24, 2008            ORION LAW GROUP

5

6                                          By    /s/ George L. Fountain

7                                             George L. Fountain
                                              Sang N. Dang
8                                             Vy H. Vu

9                                             Attorneys for Defendants
                                              SUNBEAM PRODUCTS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORION LAW
GROUP, PLC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Certificate of Service</u>**

      The undersigned herby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 24th day of March, 2008, with a copy of this document via the Court's CM/ECF system. I certify that all parties in this case are represented by counsel who are CM/ECF participants. Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on the following business day.

                              /s/ George L. Fountain____