1   GEORGE L. FOUNTAIN (No. 182716)
    georgefountain@orionlawgroup.net
2   SANG N. DANG (No. 214558)
    sangdang@orionlawgroup.net
3   VY H. VU (No. 247086)
    vyvu@orionlawgroup.net
4   ORION LAW GROUP,
    A PROFESSIONAL LAW CORPORATION
5   3 Hutton Centre Drive
    Suite 850
6   Santa Ana, CA  92707
    Telephone:  714-768-6800
7   Facsimile:  714-768-6850

8   KENING LI, PH.D. (No. 202028)
    Kening.LI@pinsentmasons.com
9   PINSENT MASONS LLP
    c/o BAKER DONELSON BEARMAN CALDWELL AND
10  BERKOWITZ, PC
    555 11th St., NW, Washington, DC 20004
11  Telephone: 202-654-4633
    Facsimile: 202- 220.2259
12
    Attorneys for Defendants
13  SUNBEAM PRODUCTS, INC.

14              UNITED STATES DISTRICT COURT

15            SOUTHERN DISTRICT OF CALIFORNIA

16  JENS ERIK SORENSEN, as Trustee of        CASE NO. C 08-00306 BTM CAB
17  SORENSEN RESEARCH AND
    DEVELOPMENT TRUST,                       **AMENDED ANSWER AND**
18                                           **COUNTERCLAIM OF DEFENDANT**
                   Plaintiff,                **SUNBEAM PRODUCTS, INC.**
19
          vs.                                **(DEMAND FOR JURY TRIAL)**
20
    SUNBEAM PRODUCTS, INC.,
21  a Delaware corporation,

22                 Defendants.

23

24

25

26

27

28

1    Defendant Sunbeam Products, Inc., d/b/a Jarden Consumer Solutions ("Sunbeam")

2    submits this Amended Answer and Counterclaim in response to the First Amended Complaint for

3    Patent Infringement ("Complaint") of Plaintiff Jens E. Sorensen, as Trustee of the Sorensen

4    Research and Development Trust ("SRDT"), filed on March 4, 2008.    Sunbeam files this

5    Amended Answer and Counterclaim to make some revisions.[1]

6                                              **ANSWER**

7        For its Answer, Sunbeam states as follows:

8        1.    Sunbeam admits that the Complaint purports to set forth a claim for patent

9    infringement.

10       2.    With the exception that a copy of United States Patent No. 4,965,184 (the

11   "'184 Patent") was attached to the complaint, Sunbeam is without knowledge or information

12   sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore

13   denies them.

14       3.    Sunbeam admits the allegations in paragraph 2.

15       4.    Sunbeam is without sufficient knowledge or belief as to the truth of the

16   allegations in paragraph 3 and therefore denies them.

17       5.    Sunbeam denies the allegations in paragraph 4.

18       6.    Sunbeam admits that the subject matter jurisdiction is proper for purposes

19   of this action under 35 U.S.C. §§ 1331, 1332(a), and 1338(a). Sunbeam denies all other

20   allegations in paragraph 5.

21       7.    Sunbeam admits that venue is proper in this judicial district for purposes of

22   this action.  Sunbeam denies all other allegations in paragraph 6.

23       8.    Sunbeam admits that the personal jurisdiction is proper for purposes of this

24   action. Sunbeam denies all other allegations in paragraph 7.

25                                  **SRDT'S CLAIM FOR RELIEF**

26

27

28   _____
[1] In addition to making some minor non-substantive modifications, Sunbeam has removed Affirmative Defenses of
Implied License and Patent Exhaustion.

AMENDED ANSWER AND COUNTERCLAIM OF DEFENDANT SUNBEAM    Case No. C 08-00306 BTM CAB

9.      Sunbeam denies each and every allegation in paragraph 8 except as may have been expressly admitted or otherwise explained.

10.      Sunbeam admits the allegations in paragraph 9.

11.      To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 10.  To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

12.      Sunbeam admits that it sells the products identified in paragraph 11.  To the extent that the other allegations in paragraph 11 are against Sunbeam, Sunbeam denies each and every one of those allegation.  To the extent that those allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

13.      To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 12.  To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

14.      To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 13.  To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

15.      To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 14.  To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

16.      To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 15.  To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

17.    To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 16. To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

18.    To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 17. To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

19.    To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 18. To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

20.    To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 19. To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

21.    To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 20. To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

22.    To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 21. To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

23.    To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 22. To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

24.     To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 23.  To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

25.     To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 24.  To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

26.     To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 25.  To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

27.     To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 26.  To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

28.     To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 27.  To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

29.     To the extent that the allegations are against Sunbeam, Sunbeam denies each and every allegation in paragraph 28.  To the extent that the allegations are against the other defendants, Sunbeam is without sufficient knowledge or belief as to their truth and therefore denies them.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM

30.     The Complaint, and each cause of action contained therein, fails to state a claim upon which relief can be granted.

ORION LAW
GROUP, PLC.

**SECOND AFFIRMATIVE DEFENSE: INVALIDITY OF THE PATENTS**

31. The '184 Patent, and each claim thereof, is invalid because it fails to comply with the provisions of the patent laws, 35 U.S.C. § 100 *et seq.*

32. The '184 Patent is invalid because it fails to comply with the provisions of 35 U.S.C. § 102.

33. The '184 Patent is invalid because it fails to comply with the provisions of 35 U.S.C. § 103.

34. The '184 Patent is invalid because it fails to comply with the provisions of 35 U.S.C. § 112.

**THIRD AFFIRMATIVE DEFENSE: NON-INFRINGEMENT**

35. Sunbeam does not infringe and has not infringed (either directly, contributorily, or by inducement) the '184 Patent, or any of the claims thereof, and Sunbeam is not liable for any such alleged infringement thereof.

**FOURTH AFFIRMATIVE DEFENSE: PROSECUTION HISTORY ESTOPPEL**

36. To the extent that SRDT alleges infringement under the doctrine of equivalents, SRDT's alleged cause of action is barred under the doctrine of prosecution history estoppel, and SRDT is estopped from claiming that the '184 Patent covers or includes any accused Sunbeam product or service.

**FIFTH AFFIRMATIVE DEFENSE: LACHES**

37. Sunbeam is informed and believes that SRDT is barred from obtaining any relief sought in the Complaint because of the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE: EQUITABLE ESTOPPEL**

38. Sunbeam is informed and believes that SRDT is barred from obtaining any relief sought in the Complaint because of the doctrine of equitable estoppel.

**SEVENTH AFFIRMATIVE DEFENSE: INEQUITABLE CONDUCT**

39. Sunbeam is informed and believes that SRDT is barred from obtaining any relief sought in the Complaint for any alleged infringement of the '184 Patent because the named

1    inventor and/or the patent attorney may have intentionally failed to disclose material prior art

2    from the Patent Office examiner during the prosecution of the '184 Patent.

3    **EIGHTH AFFIRMATIVE DEFENSE: DEDICATION TO PUBLIC**

4        40.    Sunbeam is informed and believes that SRDT has dedicated to the public

5    all methods and apparatus disclosed in the '184 Patent but not literally claimed therein, and is

6    estopped from claiming infringement by any such public domain methods or apparatus.

7    **COUNTERCLAIM**

8        By this Counterclaim, Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions

9    ("Sunbeam") seeks a declaration that it has not infringed U.S. Patent No. 4,935,184 (the "Patent-

10    at-issue", or the "'184 Patent") and that the '184 Patent is invalid.

11    **THE PARTIES**

12        1.    Counterclaimant Sunbeam is a Delaware corporation with its principal

13    place of business at 2381 Executive Center Dr., Boca Raton, Florida 33431.

14        2.    On information and belief, counterdefendant Sorensen Research and

15    Development Trust ("SRDT") is a California resident, and is a trust organized according to

16    California law, and owner of all rights to the '184 Patent.

17    **JURISDICTION**

18        3.    This Counterclaim arises under the patent laws of the United States, 35

19    U.S.C. §§ 1 *et seq.* and the declaratory judgment provisions, 28 U.S.C. §§ 2201 and 2202.

20        4.    This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal

21    question) and 1338(a) (patents).

22    **THE PATENT**

23        5.    The United States Patent and Trademark Office (the "USPTO") issued the

24    '184 Patent on June 19, 1990.  SRDT claims that it owns the '184 Patent.

25    **EXISTENCE OF AN ACTUAL CONTROVERSY**

26        6.    On February 8, 2008, SRDT filed a Complaint for Patent Infringement

27    ("Complaint") against Sunbeam alleging infringement of the Patents-at-issue.

28

7.      Sunbeam disputes the validity of the '184 Patent and denies that it has infringed them, aided or abetted, or induced or contributed to the infringement of the '184 Patent.

8.      There is substantial and actual controversy between SRDT and Sunbeam over whether Sunbeam infringes the '184 Patent and whether the '184 Patent is valid.

9.      These false allegations of infringement relating to the invalid '184 Patent have placed a cloud over Sunbeam's business.

10.     There exists a clear and serious threat to Sunbeam's business so long as these issues regarding the '184 Patent remain unresolved.  Sunbeam therefore needs and seeks resolution of the issues asserted in this Counterclaim to lift this cloud over Sunbeam's business. Sunbeam is entitled to declaratory relief.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '184 Patent)

11.     Sunbeam incorporates the allegations of paragraphs 1-10 as if fully set forth in this paragraph.

12.     This Counterclaim is an action for declaratory judgment of non-infringement of any valid claim of the '184 Patent.

13.     Sunbeam makes, uses, purchases, offers for sale and/or sells products alleged by SRDT to infringe the '184 Patent.

14.     Sunbeam has not infringed and is not presently infringing any valid claim of the '184 Patent.

15.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Sunbeam and SRDT as to whether Sunbeam infringes any valid claim of the '184 Patent.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '184 Patent)

16.     Sunbeam incorporates the allegations of paragraphs 1-15 as if fully set forth in this paragraph.

17.    This Counterclaim is an action for declaratory judgment of the invalidity of any and all claims of the '184 Patent.

18.    The '184 Patent, and each claim thereof, is invalid because it fails to comply with the provisions of the patent laws, 35 U.S.C. § 100 *et seq.*

19.    The '184 Patent is invalid because it fails to comply with the provisions of 35 U.S.C. § 102.

20.    The '184 Patent is invalid because it fails to comply with the provisions of 35 U.S.C. § 103.

21.    The '184 Patent is invalid because it fails to comply with the provisions of 35 U.S.C. § 112.

22.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Sunbeam and SRDT as to whether there exists any valid claim of the '184 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Sunbeam prays for relief as follows:

A.    A judgment against, and dismissing with prejudice, SRDT's Complaint and all claims asserted therein against Sunbeam;

B.    A judgment declaring that Sunbeam does not infringe either directly, contributorily, or by inducement, literally or under the doctrine of equivalents any valid claim of the '184 Patent;

C.    A judgment declaring that any and all claims of the '184 Patent are invalid and unenforceable;

D.    An award to Sunbeam of its costs, together with reasonable attorney's fees;

E.    A preliminary and permanent injunction enjoining SRDT, and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it, who receive actual notice of the Court's judgment, from initiating infringement litigation and from threatening Sunbeam or any of its customers, dealers, agents, servants, or employees, or any prospective or present sellers, dealers or users of Sunbeam's allegedly infringing products,

1   with infringement litigation, or charging any of them, either verbally, or in writing, with

2   infringement with respect to the '184 Patent because of the importation, manufacture, use, sale or

3   offering for sale of products made by or for Sunbeam; and

4          F.      Such other and further relief as the Court deems just and equitable.

5

6   DATED:   __April 2, 2008__              ORION LAW GROUP

7

8                                    By /s/  George L. Fountain
                                        George L. Fountain
9                                       Sang N. Dang
                                        Vy H. Vu
10
                                        Attorneys for Defendants
11                                      SUNBEAM PRODUCTS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORION LAW
GROUP, PLC.

AMENDED ANSWER AND COUNTERCLAIM OF DEFENDANT SUNBEAM    Case No. C 08-00306 BTM CAB

1

**DEMAND FOR JURY TRIAL**

2

Defendant Sunbeam hereby demands a jury trial.

3

4
DATED:   __April 2, 2008__          ORION LAW GROUP

5

6
By  /s/ George L. Fountain
7
George L. Fountain
Sang N. Dang
Vy H. Vu
8

9
Attorneys for Defendants
SUNBEAM PRODUCTS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2

3

     The undersigned hereby certifies that all counsel of record who are deemed to have

4

consented to electronic service are being served this 2nd day of April, 2008, with a copy of this

5

6

document via the Court's CM/ECF system. I certify that all parties in this case are represented by

7

counsel who are CM/ECF participants. Any other counsel of record will be served by electronic

8

mail, facsimile transmission, and/or first class mail on the following business day.

9

10

                /s/ George L. Fountain

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORION LAW
GROUP, PLC.