# EXHIBIT B



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,976 | 12/21/2007 | 4935184 | 065640-0260 | 6753 |

| 22653 | 7590 | 02/21/2008 |
|---|---|---|

EDWARD W CALLAN
NO. 705 PMB 452
3830 VALLEY CENTRE DRIVE
SAN DIEGO, CA 92130

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 02/21/2008

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Pavan Agarwal

Foley & Lardner LLP

3000 K Street, NW, Suite 500

Washington, DC 20007

# EX PARTE REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. _90/008,976_.

PATENT NO. _4935184_.

ART UNIT _3991_.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/008,976 | 4935184 |
| | Examiner | Art Unit |
| | Krisanne Jastrzab | 3991 |

--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--

The request for *ex parte* reexamination filed <u>21 December 2007</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,   b)☒ PTO/SB/08,   c)☐ Other: _____

1. ☒ The request for *ex parte* reexamination is GRANTED.

   RESPONSE TIMES ARE SET AS FOLLOWS:

   For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

   For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐ The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

   a) ☐ by Treasury check or,

   b) ☐ by credit to Deposit Account No. _____, or

   c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

/Krisanne Jastrzab/
Primary Examiner
Art Unit: 3991

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 08-06)          Office Action in *Ex Parte* Reexamination          Part of Paper No. 20080220

71338  U.S. PTO

12/21/07

PTO/SB/08 (09-06)
Approved for use through 03/31/2007. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** Date Submitted: December 21, 2007 | | | **Complete if Known** | |
|---|---|---|---|---|
| | | | Reexamination Control Number | Unassigned |
| | | | Patent Number | 4,935,184 |
| | | | First Named Inventor | Jens O. Sorensen |
| Sheet | 1 | of 2 | Attorney Docket Number | 065640-0260 |

### U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| /K.J./ | A1 | 4,935,184 | 06/19/1990 | SORENSEN | |
| ↓ | A2 | 4,422,995 | 12/27/1983 | SCHAD | |
| | A3 | 4,508,676 | 04/02/1985 | SORENSEN | |
| /K.J./ | A4 | 3,375,554 | 04/02/1968 | BLUMER | |

### UNPUBLISHED U.S. PATENT APPLICATION DOCUMENTS

| Examiner Initials* | Cite No.[1] | U.S. Patent Application Document Serial Number-Kind Code[2] (if known) | Filing Date of Cited Document MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | | | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3] Number[4] Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Documents | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| /K.J./ | A5 | JP 59-199227 | 11/12/1984 | IDEMITSU SEKIYU KAGAKU KK | | Tr. |
| | A6 | JP 60-154022 | 08/13/1985 | FUJITSU, LTD. | | Tr. |
| ↓ | A7 | JP 58-82401 | 05/18/1983 | NISSAN MOTOR CO., LTD. | | Tr. |
| /K.J./ | A8 | JP S52-51449 | 04/25/1977 | KABUSHIKI KAISHA YOSHINO KOGYOSHO | | Tr. |

### NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.) date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[6] |
|---|---|---|---|
| | A9 | ~~SUMITOMO HEAVY INDUSTRIES, LTD., Promat 100-100/100 Sumitomo-Netstal Dual Material Injection Molding Machine~~ | Tr. |

| Examiner Signature | /Krisanne Jastrzab/ | Date Considered | 02/20/2008 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. 1 Applicant's unique citation designation number (optional). 2 See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. 3 Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). 4 For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. 5 Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. 6 Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

WASH_2164550.1

PTO/SB/08 (09-06)
Approved for use through 03/31/2007. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO<br>**INFORMATION DISCLOSURE STATEMENT BY APPLICANT**<br>Date Submitted: December 21, 2007 | | | **Complete if Known** | |
|---|---|---|---|---|
| | | | Reexamination Control Number | Unassigned |
| | | | Patent Number | 4,935,184 |
| | | | First Named Inventor | Jens O. Sorensen |
| Sheet | 2 | of 2 | Attorney Docket Number | 065640-0260 |

| | | NON PATENT LITERATURE DOCUMENTS | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.) date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[6] |
| /K.J./ | A10 | WRIGHT, "New Vigor for Two-Shot Molding with Automation," *Modern Plastics*, Vol. 45, No. 9, May 1968, pp. 78 – 83. | |
| | A11 | Plaintiff's Amended Preliminary Claim Constructions and Extrinsic Evidence, SORENSEN v. THE BLACK & DECKER CORPORATION ET AL., U.S. District Court for the Southern District of California, Case No. 06-cv-1572 BTM (CAB). | |
| | A12 | SORENSEN v. INTERNATIONAL TRADE COM'N., 427 F.3d 1375 (Fed. Cir. 2005) | |
| | A13 | Deposition of Paul P. Brown, December 19, 2006, SORENSEN v. THE BLACK & DECKER CORPORATION ET AL., U.S. District Court for the Southern District of California, Case No. 06-cv-1572 BTM (CAB). | |
| /K.J./ | A14 | Plaintiffs' Local Civil Rule 56.1 Statement of Material Facts in Opposition to Defendants' Motion for Summary Judgment of Invalidity Based on Prior Art, U.S. District Court for the District of New Jersey Newark Vicinage, CIV. No. 03-1763(HAA). | |

| Examiner Signature | /Krisanne Jastrzab/ | Date Considered | 02/20/2008 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. 1 Applicant's unique citation designation number (optional). 2 See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. 3 Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). 4 For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. 5 Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. 6 Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

WASH_2164550.1

Application/Control Number: 90/008,976  
Art Unit: 3991

Page 2

## *Reexamination*

### Decision on Reexamination Request

A substantial new question of patentability affecting claims 1, 2, 4 and 6-10 of United States Patent Number 4,935,184 (hereinafter referred to as "the '184 patent) is raised by the request for *ex parte* reexamination. The request was filed by a Third Party on 12/21/2007.

Since requestor did not request reexamination of claims 3 and 5 and did not assert the existence of a substantial new question of patentability (SNQ) for such claims (see 35 U.S.C. § 302); see also 37 CFR 1.510b and 1.515), such claims will not be reexamined. This matter was squarely addressed in *Sony Computer Entertainment America Inc., et al v. Jon W. Dudas,* Civil Action No. 1:05CV1447 (E.D.Va. May 22, 2006), Slip Copy, 2006 WL 1472462. The District Court upheld the Office's discretion to not reexamine claims in a reexamination proceeding other than those claims for which reexamination had specifically been requested. The Court stated:

"To be sure, a party may seek, and the PTO may grant .... review of each and every claim of a patent. Moreover, while the PTO in its discretion may review claims for which ... review was not requested, nothing in the statute compels it to do so. To ensure that the PTO considers a claim for ... review, ...requires that the party seeking reexamination demonstrate why the PTO should reexamine each and every claim for which it seeks review. Here, it is undisputed that Sony did not seek review of every claim under the '213 and '333 patents. Accordingly, Sony cannot now claim that the PTO wrongly failed to reexamine claims for which Sony never requested review, and its argument that AIPA compels a contrary result is unpersuasive."

### Extensions of Time

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that

Application/Control Number: 90/008,976  Page 3
Art Unit: 3991

*ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

## Substantial New Question of Patentability (SNQ)

The substantial new question of patentability (SNQ) is based on:

JP S59-199227 (hereinafter referred to as "JP '227")

JP 60-154022 (hereinafter referred to as "JP '022")

JP 58-82401 (hereinafter referred to as "JP '401")

JP S52-51449 (hereinafter referred to as "JP '449")

Schad, U.S. patent No. 4,422,995 (hereinafter referred to as "Schad")

Blumer U.S. patent No. 3,375,554 (hereinafter referred to as "Blumer")

Sorensen U.S. patent No. 4,508,676 (hereinafter referred to as "Sorensen")

Promot 100-100/100 (hereinafter referred to as "Promot 100")

Modern Plastics, "New Vigor for Two-Shot Molding with Automation...Versatility...Ingenuity" (hereinafter referred to as "Modern Plastics")

A discussion of the specifics follows:

## Request

Application/Control Number: 90/008,976  
Art Unit: 3991

Page 4

**The request indicates that the Requestor considers JP '227 as raising a substantial new question of patentability for claims 1, 6-8 and 10 of the '184 patent.**

It is agreed that the consideration of JP '227 raises an SNQ as to claims 1, 6-8 and 10 of the '184 patent. The last paragraph of page 31 through page 42 of the request is hereby incorporated by reference for the explanation of the teachings provided in JP '227 regarding a method of two-shot injection molding of a part utilizing a common mold core. These teachings were not present in the prosecution of the application which became the '184 patent. Further, there is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not these claims are patentable. Accordingly, JP '227 raises a substantial new question of patentability as to claims 1, 6-8 and 10, which question has not been decided in a previous examination of the '184 patent.

**The request indicates that the Requestor considers JP '022 as raising a substantial new question of patentability for claims 1 and 10 of the '184 patent.**

It is agreed that the consideration of JP '022 raises an SNQ as to claims 1 and 10 of the '184 patent. Page 43 through the top of page 47 of the request is hereby incorporated by reference for the explanation of the teachings provided in JP '022 regarding a method of two-shot injection molding of a part utilizing a common mold core. These teachings were not present in the prosecution of the application which became the '184 patent. Further, there is a substantial likelihood that a reasonable

Application/Control Number: 90/008,976  
Art Unit: 3991

Page 5

examiner would consider these teachings important in deciding whether or not these claims are patentable. Accordingly, JP '022 raises a substantial new question of patentability as to claims 1 and 10, which question has not been decided in a previous examination of the '184 patent.

**The request indicates that the Requestor considers JP '401 as raising a substantial new question of patentability for claims 1 and 10 of the '184 patent.**

It is agreed that the consideration of JP '401 raises an SNQ as to claims 1 and 10 of the '184 patent. The bottom of page 47 through the top of page 52 of the request is hereby incorporated by reference for the explanation of the teachings provided in JP '401 regarding a method of two-shot injection molding of a part utilizing a common mold core. These teachings were not present in the prosecution of the application which became the '184 patent. Further, there is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not these claims are patentable. Accordingly, JP '401 raises a substantial new question of patentability as to claims 1 and 10, which question has not been decided in previous examination of the '184 patent.

**The request indicates that the Requestor considers the combination of JP '449 and the Admitted State of the Prior Art as raising a substantial new question of patentability for claims 1 and 6-9 of the '184 patent.**

Application/Control Number: 90/008,976  
Art Unit: 3991

Page 6

It is agreed that the combination of JP '449 and the Admitted State of the Prior Art raises an SNQ as to claims 1 and 6-9 of the '184 patent. The bottom of page 6 through the top of page 9, page 22 beginning at "E." through the top of page 27 and page 54 through the top of page 60 of the request is hereby incorporated by reference for the explanation of the Admitted State of the Prior Art and the teachings in JP '449 regarding a method of molding a two-component part. These combined teachings were not present in the prosecution of the application which became the '184 patent. Further, there is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not these claims are patentable. Accordingly, the combination of JP '449 and the Admitted State of the Prior Art, raise a substantial new question of patentability as to claims 1 and 6-9, which question has not been decided in previous examination of the '184 patent.

**The request indicates that the Requestor considers the combination of JP '449, the Admitted State of the Prior Art and Schad as raising a substantial new question of patentability for claim 10 of the '184 patent.**

It is agreed that the combination of JP '449, the Admitted State of the Prior Art and Schad raises an SNQ as to claim 10 of the '184 patent. Page 60 of the request is hereby incorporated by reference for the explanation of the teachings of Schad regarding the separation of mold components in a two-shot molding process as applicable to the combination of the JP '449 and the Admitted State of the Prior Art. These combined teachings were not present in the prosecution of the application which

Application/Control Number: 90/008,976  
Art Unit: 3991

Page 7

became the '184 patent. Further, there is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not this claim is patentable. Accordingly, the combination of JP '449, the Admitted State of the Prior Art and Schad, raises a substantial new question of patentability as to claim 10, which question has not been decided in previous examination of the '184 patent.

**The request indicates that the Requestor considers the combination of JP '449 and Modern Plastics as raising a substantial new question of patentability for claim 1 of the '184 patent.**

It is agreed that the combination of JP '449 and Modern Plastics raises an SNQ as to claim 1 of the '184 patent. Pages 60-64 of the request are hereby incorporated by reference for the explanation of the combination of the teachings of JP '449 and Modern Plastic regarding a two-shot molding process. These combined teachings were not present in the prosecution of the application which became the '184 patent. Further, there is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not this claim is patentable. Accordingly, the combination of JP '449 and Modern Plastics raises a substantial new question of patentability as to claim 1, which question has not been decided in previous examination of the '184 patent.

Application/Control Number: 90/008,976  
Art Unit: 3991

Page 8

**The request indicates that the Requestor considers the combination of JP '227 and Modern Plastics as raising a substantial new question of patentability for claims 1, 2, 4, and 6-10 of the '184 patent.**

It is agreed that the combination of JP '227 and Modern Plastics raises an SNQ as to claims 1, 2, 4 and 6-10 of the '184 patent. Page 65 through the top of page 68 of the request is hereby incorporated by reference for the explanation of the combination of teachings of JP '227 and Modern Plastics regarding a two-shot molding process. These combined teachings were not present in the prosecution of the application which became the '184 patent. Further, there is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not these claims are patentable. Accordingly, the combination of JP '227 and Modern Plastics raises a substantial new question of patentability as to claims 1, 2, 4 and 6-10, which question has not been decided in previous examination of the '184 patent.

**The request indicates that the Requestor considers the combination of either JP '022 or JP '401 and Promot 100 as raising a substantial new question of patentability for claims 6-8 of the '184 patent.**

It is agreed that the combination of JP '022 or JP '401 in view of Promot 100 raises an SNQ as to claims 6-8 of the '184 patent. The bottom of page 67 through the top of page 72 is hereby incorporated by reference for the explanation of the combination of teachings of JP '022 or JP '401 with Promot 100 regarding a two-shot molding process. While no date has been supplied for Promot 100, it is noted that

Application/Control Number: 90/008,976  
Art Unit: 3991

Page 9

during prosecution of the application which became the '184 patent, an IDS was submitted (6/16/1988) citing Promot 100 and noting that Figures 1 through 4 of Promot 11 illustrate the prior art described in the Background portion of the specification of the application which became the '184 patent. These combined teachings were not present in the prosecution of the application which became the '184 patent. Further, there is a substantial likelihood that a reasonable examiner would consider these teaching important in deciding whether or not these claims are patentable. Accordingly, the combination of JP '022 or JP '401 and Promot 100, raises a substantial new question of patentability as to claims 6-8, which question has not been decided in previous examination of the '184 patent.

**The request indicates that the Requestor considers the combination of either JP '227, JP '022 or JP '401 with either Blummer or Soreneson as raising a substantial new question of patentability for claim 9 of the '184 patent.**

It is agreed that the combination of either JP '227, JP '022 or JP '401 in view of either Bummer or Sorensen raises an SNQ as to claim 9 of the '184 patent. The bottom of page 72 through page 74 of the request is hereby incorporated by reference for the explanation of the combination of the teachings of any of JP '227, JP '022 or JP '401 and either Blummer or Sorensen regarding the securing of two mold components in a two-shot molding process. These combined teachings were not present in the prosecution of the application which became the '184 patent. Further, there is a substantial likelihood that a reasonable examiner would consider these teachings

Application/Control Number: 90/008,976  
Art Unit: 3991

Page 10

important in deciding whether or not this claim is patentable. Accordingly, the combination of any of JP '227, JP '022 or JP '401 with either Blummer or Sorensen raises a substantial new question of patentability as to claim 9, which question has not been decided in previous examination of the '184 patent.

### Duty of Disclosure

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No. 4,935,184 throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

### Service of Papers

After the filing of a request for reexamination by a third party requester, any document filed by either the patent owner or the third party requester must be served on the other party (or parties where two or more third party requester proceedings are merged) in the reexamination proceeding in the manner provided in 37 CFR 1.248. See 37 CFR 1.550(f).

### Waiver of Right to File Patent Owner Statement

In a reexamination proceeding, Patent Owner may waive the right under 37 C.F.R. 1.530 to file a Patent Owner Statement. The document needs to contain a

Application/Control Number: 90/008,976  Page 11
Art Unit: 3991

statement that Patent Owner waives the right under 37 C.F.R. 1.530 to file a Patent Owner Statement and proof of service in the manner provided by 37 C.F.R. 1.248, if the request for reexamination was made by a third party requester, see 37 C.F.R 1.550(f).

## Correspondence

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Krisanne Jastrzab whose telephone number is 571-272-1279. The examiner can normally be reached on Mon.-Thurs. 6:00am-4:30pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Deborah Jones can be reached on 571-272-1535

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

Application/Control Number: 90/008,976  
Art Unit: 3991

Page 12

## Notice Re Patent Owner's Correspondence Address

Effective May 16, 2007, 37 CFR 1.33(c) has been revised to provide that:

The patent owner's correspondence address for all communications in an *ex parte* reexamination or an *inter partes* reexamination is designated as the correspondence address of the patent.

> *Revisions and Technical Corrections Affecting Requirements for Ex Parte and Inter Partes Reexamination*, 72 FR 18892 (April 16, 2007)(Final Rule)

**The correspondence address for any pending reexamination proceeding not having the same correspondence address as that of the patent is, by way of this revision to 37 CFR 1.33(c), <u>automatically changed to that of the patent file</u> as of the effective date.**

This change is effective for any reexamination proceeding which is pending before the Office as of May 16, 2007, <u>including the present reexamination proceeding</u>, and to any reexamination proceeding which is filed after that date.
Parties are to take this change into account when filing papers, and direct communications accordingly.

In the event the patent owner's correspondence address listed in the papers (record) for the present proceeding is different from the correspondence address of the patent, it is strongly encouraged that the patent owner affirmatively file a Notification of Change of Correspondence Address in the reexamination proceeding and/or the patent (depending on which address patent owner desires), to conform the address of the proceeding with that of the patent and to clarify the record as to which address should be used for correspondence.

Telephone Numbers for reexamination inquiries:

| | |
|---|---|
| Reexamination and Amendment Practice | (571) 272-7703 |
| Central Reexam Unit (CRU) | (571) 272-7705 |
| Reexamination Facsimile Transmission No. | (571) 273-9900 |

Please mail any communications to:

   Mail Stop *Ex Parte* Reexam
   ATTN: Central Reexamination Unit
   Commissioner for Patents
   P.O. Box 1450

Application/Control Number: 90/008,976  
Art Unit: 3991

Page 13

      Alexandria, VA 22313-1450

Please FAX to:
      (571) 273-9900
      Central Reexamination Unit

Please hand-deliver to:
      Customer Service Window
      Randolph Building
      401 Dulany St.
      Alexandria, VA 22314

/Krisanne Jastrzab/             /Alan Diamond/  
Primary Examiner            Primary Examiner  
Central Reexamination Unit    Art Unit 3991  
Art unit 3991  
(571) 272-1279

JERRY D. JOHNSON  
PRIMARY EXAMINER  
CRU - AU 3991