1  MELODY A. KRAMER, SBN 169984
2  KRAMER LAW OFFICE, INC.
   9930 Mesa Rim Road, Suite 1600
3  San Diego, California 92121
4  Telephone (858) 362-3150
   mak@kramerlawip.com
5

6  J. MICHAEL KALER, SBN 158296
   KALER LAW OFFICES
7  9930 Mesa Rim Road, Suite 200
8  San Diego, California 92121
   Telephone (858) 362-3151
9  michael@kalerlaw.com

10

11

12  Attorneys for Plaintiff JENS ERIK SORENSEN,
    as Trustee of SORENSEN RESEARCH AND
    DEVELOPMENT TRUST
13

14

15

16                 UNITED STATES DISTRICT COURT

17             FOR THE SOUTHERN DISTRICT OF CALIFORNIA

18  JENS ERIK SORENSEN, as Trustee of  ) Case No. 08cv306 BTM CAB
19  SORENSEN RESEARCH AND              )
    DEVELOPMENT TRUST,                 ) **PLAINTIFF'S MEMORANDUM OF**
20                                     ) **POINTS AND AUTHORITIES IN**
21              Plaintiff              ) **SUPPORT OF MOTION FOR**
       v.                              ) **EXCEPTION TO STAY TO**
22                                     ) **PRESERVE EVIDENCE**
23  SUNBEAM PRODUCTS, INC., a          )
    Delaware Corporation; and DOES 1 – ) Date: September 12, 2008
24  100,                               ) Time: 11:00 a.m.
25                                     ) Courtroom 15 – 5th Floor
                Defendants.            ) The Hon. Barry T. Moskowitz
26  _____  )
27  and related counterclaims.         ) *Oral Argument Has Been Respectfully*
                                       ) *Requested by Plaintiff*
28  _____  )

Plaintiff, pursuant to a shortened procedure outlined by Judge Moskowitz in related cases,[1] hereby requests the Court for an exception to the stay entered in this case in order to preserve evidence that will otherwise be unavailable after the stay. Plaintiff has presented its arguments in brief form pursuant to the Court's request.

Plaintiff has already requested this exception and discovery by repeated letters to Defendants' counsel (see *Kramer Decl.,* ¶ 4, Exhibit A), but Defendants have failed to respond, much less agree.

The requested discovery is as follows:

1.  Confirmation of preservation of all prototype and production molds used in the production of the Accused Products if they are within possession, custody, or control of named Defendants; and

2.  Confirmation of preservation of all design and technical documents for the Accused Products that are in the possession, custody, or control of named Defendants.

For any of the above categories of evidence that are in the possession, custody, or control of non-parties (as Plaintiff understands some to be), Plaintiff requests as follows:

3.  Sworn identification of the company name(s) and address(es) of all non-party manufacturers, suppliers, and importers for the Accused Products; and

4.  Court leave to use appropriate procedural steps to acquire the above-listed categories of evidence from, and/or conduct plant inspections of, non-parties.

Plaintiff believes these items of discovery are necessary and that delay until completion of the '184 patent reexamination creates the risk of loss of evidence.

---

[1] Sorensen v. Helen of Troy Texas Corporation, et al, Case No. 07cv02278 (see relevant portion of the transcript at Appendix A hereto); and Sorensen v. Black & Decker Corporation, Case No. 06cv1572 (see Docket # 264-277, various entries).

1  A motion to preserve evidence requires the court to consider "1) the level of
2  concern the court has for the continuing existence and maintenance of the integrity of
3  the evidence in question in the absence of an order directing preservation of the
4  evidence; 2) any irreparable harm likely to result to the party seeking the
5  preservation of evidence absent an order directing preservation; and 3) the capability
6  of an individual, entity, or party to maintain the evidence sought to be preserved, not
7  only as to the evidence's original form, condition or contents, but also the physical,
8  spatial and financial burdens created by ordering the evidence preservation." *Jacobs*
9  *v. Scribner* Slip Copy, 2007 WL 1994235 (E.D.Cal. 2007) citing: *Daniel v. Coleman*
10 *Co., Inc.*, No. 06-5706 KLS, 2007 WL 1463102, *2 (W.D.Wash. 2007).

11 *Defendant has advised that the manufacturing process for at least one of the*
12 *Accused Products is carried out in China, however, it is unclear as to who has*
13 *possession, custody, or control of the molds and technical documents requested in*
14 *the motion, thus no way to ensure preservation of evidence.*   Kramer Decl. ¶ 5.

15 "The obligation to preserve [evidence] arises when the party has notice that
16 the evidence is relevant to litigation -- most commonly when the suit has already
17 been filed, providing the party responsible for the destruction with express notice,
18 but also on occasion in other circumstances, as for example when a party should
19 have known that the evidence may be relevant to future litigation." *Treppel v. Biovail*
20 *Corp.*, 233 F.R.D. 363, 371 (2006).

21 A foreign manufacturer, however, is not likely to, and has no obligation to
22 maintain molds, design documents, or correspondence.  Molds are often sold for
23 scrap metal after production ceases.  Every day that goes by without the production
24 of this evidence increases the likelihood that the evidence will be lost or destroyed.

25 There is no reason to believe that the prototype and production molds for the
26 Accused Products, and related design and technical documents are being preserved
27 by anyone pending the stay of this case and there is even less reason to believe that
28 non-parties to this case are preserving evidence necessary to this case.  Unidentified,

1  and thus non-party, manufacturers, suppliers, and importers, of the accused products
2  may not have notice of this lawsuit and Plaintiff has no means of ensuring that they
3  are preserving evidence for this case.  Neither the Court nor Plaintiff can informally
4  request evidence preservation, much less compel it, without this identification.

5      WHEREFORE, Plaintiff respectfully requests the Court to order an exception
6  to the stay in this case as follows:  (1) requiring sworn identification of
7  manufacturers, suppliers, and importers for the following products (Sunbeam
8  Professional Iron, Sunbeam 4214 Steam Master Iron, and Sunbeam Professional
9  Iron); and (2) granting Plaintiff to pursue third-party discovery relating to preserving
10 evidence in possession of those parties.

13 DATED this Tuesday, July 15, 2008.

                                      JENS ERIK SORENSEN, as Trustee of
                                      SORENSEN RESEARCH AND DEVELOPMENT
                                      TRUST, Plaintiff

                                      /s/ Melody A. Kramer
                                      Melody A. Kramer, Esq.
                                      J. Michael Kaler
                                      Attorney for Plaintiff

# APPENDIX A

```
 1                 UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF CALIFORNIA
 2

 3                                    )
     JENS ERIK SORENSEN, as            )
 4   Trustee of SORENSEN              )
     RESEARCH AND DEVELOPMENT         )
 5   TRUST,                            )
                                       )
 6                                    )
              Plaintiff,              ) Case No. 07cv02278BTM
 7                                    )
                                       )
 8                vs.                  )
                                       )
 9   HELEN OF TROY TEXAS              )
     CORPORATION; OXO                 )
10   INTERNATIONAL, LTD; and          )
     DOES 1-100,                      )
11                                    )
                                       )
12            Defendants.             )
                                       ) San Diego, California
13                                    )
                                       ) February 25, 2008
14

15

16                      Status Conference

17        BEFORE THE HONORABLE BARRY TED MOSKOWITZ
                UNITED STATES DISTRICT JUDGE
18

19   APPEARANCES:

20   For the Plaintiff:          Kaler Law Offices
                                 J. Michael Kaler
21                               9930 Mesa Rim Road St. 200
                                 San Diego, CA 92121
22
                                 Kramer Law Office
23                               Melody A. Kramer
                                 9930 Mesa Rim Road, St.1600
24                               San Diego, CA 92121

25
```

```
 1
           For the Defendants:           Seyfarth Shaw
 2                                       Eric B. Von Zeipel
                                         2029 Century Park East,
 3                                       Suite 3300
                                         Los Angeles, CA 90067
 4

 5
           Official Reporter:            Barbara Harris CM/RPR/CRR
 6                                       880 Front Street
                                         San Diego, CA 92101
 7                                       619-990-3116

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1   thing is if I grant them an extension of time to answer of 60

2   days, and I grant the stay without prejudice and they answer

3   on behalf of Helen of Troy of Texas, and Oxo International,

4   then I think everything is taken care of.

5             MR. VON ZEIPEL:  That sounds good.

6             THE COURT:  Mr. Kaler is about to speak.

7             MR. KALER:  That would certainly be a resolution,

8   not one I'm thrilled with.  Has the court considered the

9   possibility of a partial stay allowing some discovery, that

10  does not address claim construction issues, to preserve

11  evidence in these cases that are newly filed?

12            THE COURT:  I have not considered it, but that is

13  certainly something that would be considered.  No one should

14  be prejudiced by the stay.  It would be unfair to the

15  plaintiff if there is a stay and something happens that they

16  lose evidence.  So that's always an implied exception.

17            The stay is always granted without prejudice.  If

18  that wasn't understood then perhaps it's my fault in not

19  making it clear.

20            MR. KALER:  Would we need to bring a separate

21  motion?

22            THE COURT:  First you would discuss it with the

23  party you would want to take discovery on, and if they didn't

24  agree, then you would then come before me.

25            MR. KALER:  Okay.

```
 1              THE COURT:  And I think I would try to do it in a
 2  way that the parties would file something very, very brief so
 3  they don't take up a lot of attorney time and work, and then
 4  I would hear it orally and I would rule on it right there.
 5              In other words, you would file something, maybe a        16:22:20
 6  page or two, saying we want to get an exception to the stay
 7  for the following reasons, we are going to come into court on
 8  such and such a date the clerk gives you, and we will flush
 9  them out, but here it is in capsule form.
10              MR. KALER:  Thank you, your Honor.                       16:22:21
11              THE COURT:  All right?  So that's when I say the
12  stays are granted without prejudice.  Well, does anyone have
13  a problem if we proceed this way?  I know it's not ultimately
14  what you want, but you can't -- isn't there a song, You Can't
15  Always Get What You Want?                                            16:22:21
16              MR. KALER:  Your Honor, I was actually hoping for
17  summary judgment in our favor this morning, but I'll take it.
18              THE COURT:  Well, we will do an order in that
19  regard.  Is 60 days enough to file an answer?
20              MR. VON ZEIPEL:  I believe so.                           16:22:21
21              THE COURT:  And the order will provide that you can
22  file an amended answer 30 days after any re-examination
23  decision.
24              MR. VON ZEIPEL:  Thank you, your Honor.
25              THE COURT:  All right?  So, then that will take         16:22:21
```